Woodard v. NH Prison                    CV-01-444-M    05/16/02
                    UNITED STATES DISTRICT COURT

                       DISTRICT OF NEW HAMPSHIRE


Lawrence Woodard,
      Petitioner

      v.                                     Civil No. 01-444-M
                                             Opinion No. 2002 DNH 092
Commissioner, New Hampshire
State Prison,
      Respondent


                            **O R D E R**


      In his "Final Objection" to the court's order dated March 8,
2002, petitioner asserts that respondent miscalculated his
maximum release date and intends to keep petitioner in custody
for more than two years beyond his actual maximum release date.
Attached to his objection are several computer-generated
documents, apparently provided to him by corrections officials,
that seem to support his claim.  Accordingly, by order dated
April 5, 2002, the court directed respondent to file a "response
to petitioner's 'final objection,' addressing how and why
petitioner's current maximum release date appears to have been
moved from March of 2006, to September of 2008."

Respondent has complied and explains the apparent discrepancy as follows:

> The prison has a computer database program that is designed to calculate sentences imposed <u>after</u> the Petitioner was sentenced [i.e., under a different statutory scheme]. Accordingly, the Petitioner's sentence calculations are still done by hand and manually inputted into the computer system. To do this in a way that accurately reflects the hand calculation, prison officials have to override the computer system's automated calculations. This process is not perfect and does result in frequent errors as the Petitioner's exhibits clearly demonstrate. This flaw in the prison computer system is well known to prison officials and precautions are taken to ensure that no inmate is adversely affected by it. In any event, the Petitioner's actual release date remains unchanged.

Response to Petitioner's Final Objection (document no. 20) at para. 5. Respondent also represents that, "[w]hile the computer system itself may display various release dates on various reports, the prison does not rely upon the computer to make these calculations." <u>Id.</u>, at para. 6. Finally, respondent says that, "[a]t the time the Respondent filed [his] Motion to Reconsider the Magistrate Judge's Rule 4 Decision, the Petitioner's maximum release date was calculated to be March 16, 2006, and remains so today." <u>Id.</u> at para. 4.

2

As previously noted in both this court's order of March 8, 2002, and the Magistrate Judge's Report and Recommendation (document no. 8), petitioner is not currently being detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Moreover, in light of the respondent's most recent filing, it is clear that corrections officials are well aware of petitioner's correct maximum release date (currently, March 16, 2006) and have taken steps to insure that petitioner is not incarcerated beyond his correct maximum release date.

Treating petitioner's "Final Objection" (document no. 18) as a final motion to reconsider the court's order dated March 8, 2002, that motion is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 16, 2002

cc:  Lawrence Woodard
     Michael K. Brown, Esq.

3